Civil Case No. 1: 20-cv-03723-PAB-NRN

DEBORAH LAUFER

      Plaintiff,

v.

FSMK, LLC,


      Defendant.

---

## MOTION TO STAY PROCEEDINGS PENDING APPEAL

---

Defendant hereby moves the Court to stay the instant proceedings pending disposition by the Tenth Circuit Court of Appeals decision in *Deborah Laufer v. Looper, et al,* 21-1031 (10th Cir. 2021) (appeal of district court case 2021 WL 330566 (D. Colo. Jan. 11, 2021) ("Laufer Appeal"). Notably, Defendant seeks the same relief previously sought by Plaintiff and granted by the Court for the same reasons set forth by Plaintiff in two of her related cases styled *Laufer v. Josand Enterprises LLC*, 20-cv-3193-NRN, and *Laufer v. Table Mountain Inn, Inc*., 20-cv-2224-NRN. (Docket Numbers 24, 25 and 25, 26, respectively.)

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCIVR 7.1(a), the undersigned counsel represents he discussed the relief requested in this Motion with Plaintiff's counsel who opposed the relief requested.

### ARGUMENT

1.      On December 21, 2020, Plaintiff filed her Complaint alleging two causes of action against Defendants, including claims under Title III of the Americans with Disabilities Act and

the Colorado Anti-Discrimination Act.  (Dkt. # 1.)

2. Between July 27, 2020, and the present, Plaintiff filed approximately 45 nearly-identical complaints in this district against Defendants having places of lodging across Colorado, and, over the past approximately 18 months, Plaintiff filed almost 600 nearly-identical cases throughout the United States. (*See* Exhibits A and B to Dkt.# 14.)

3. Plaintiff's claims are identical in each of her lawsuits and allege each defendants' website (or those controlled by third-parties) violate the aforementioned laws for lacking certain information.

4. On December 21, 2020, Plaintiff's counsel filed a Notice of Pendency pursuant to Local Rule 3.2(a), stating this matter is "not related to any pending or closed" cases in this District or any other (i.e., certifying there are no "Related Cases" to the instant action), which Plaintiff's counsel filed in each of her actions in this District.  (Dkt # 2.)  However, as Plaintiff avers in prior pleadings before the Court, her other cases are indeed related enough to request they be stayed pending resolution of the Laufer Appeal.

5. On March 3, 2021 Defendant filed a Motion to Dismiss this matter for lack of standing and a Motion to Strike Plaintiff's Notice of Pendency and to Show Cause.  (Dkt #s 13, 14.)

6. Defendant now respectfully requests the Court stay the instant proceedings pending the Laufer Appeal because, as stated by Plaintiff, "[r]esolution of this issue by the Circuit Court is necessary before this Court can rule on Defendant's motion [to dismiss]" and the parties "will not be prejudiced by the granting of this motion."  (*Laufer v. Josand Enterprises LLC*, 20-cv-3193-NRN, Dkt.#24 and *Laufer v. Table Mountain Inn, Inc.*, 20-cv-2224-NRN, Dkt.# 25.)

7. For stays of discovery, Rule 26(c), authorizes the Court to issue "any order which

justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Because standing to sue "is a threshold question in every federal case," the Court must determine whether it has "the power…to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  If it does not, "engaging in discovery will be wasteful" and, instead, a "stay may be appropriate if resolution of a preliminary motion may dispose of the entire action. *Davidson v. Bank of America*, No. 14-cv-01578-CMA-KMT, Dkt.# 103 (D. Colo. September 16, 2015) (internal citations omitted).  Additionally, "[c]ourts are more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issue. *PopSockets LLC v. Online King LLC*, No. 19-CV-01277-CMA-NYW, at *3 (D. Colo. Oct. 11, 2019) (granting a temporary stay of 90 days pending the resolution of Defendant's motion to dismiss.)

8.      First, there is a reasonable probability Plaintiff's entire case will be dismissed due to her lack of standing – a threshold question for the Court which weighs in favor of staying discovery.  *See*, e.g., *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *3 (D. Colo. Mar. 30, 2006) (staying discovery because, in part, Defendants' motion to dismiss was based on jurisdictional issues and would not "unduly prejudice either side.").  Indeed, in the District of Colorado, Plaintiff's case was dismissed in *Laufer v. Looper et al.*, 1:20-cv-2475, which is before the Tenth Circuit Court of Appeals and provides a basis for the instant motion.

9.      Likewise, on a national basis, many of Plaintiff's cases having nearly-identical complaints to the instant action were dismissed because she lacked standing to bring her claims. (*See* Plaintiff's Motions to Stay at *Laufer v. Josand Enterprises LLC*, 20-cv-3193-NRN, Dkt. #24, and *Laufer v. Table Mountain Inn, Inc.*, 20-cv-2224-NRN, Dkt #25.)[1]

---

[1] Citing the following: *Laufer v. Naranda Hotels, LLC*, 2020 U.S. Dist. LEXIS 235894, 2020 WL 7384726 (D. Md. Dec. 16, 2020); *Laufer v. Galtesvar OM, LLC*, 2020 U.S. Dist. LEXIS 240714, 2020 WL 7416940 (W.D. Tex. Nov. 23, 2020), *report and recommendation adopted sub nom.*

10. Second, the Court's docket includes at three other open cases recently filed by Plaintiff having nearly-identical complaints, including the two aforementioned cases the Court ordered to be stayed pending resolution of the Laufer Appeal. The Court is also likely to receive additional cases filed by Plaintiff considering the number and rate of her filings in this District. Thus, the outcome of the Lauer Appeal will affect and impact the instant matter and Plaintiff's other cases before this Court, and the numerous other cases filed by Plaintiff in this District.

11. Third, as argued in Defendants' Motion to Strike, the Court may determine Plaintiff's instant action and her other cases she filed in this District are "Related Cases" for purposes of Local Rule 3.2(a), which may require submission "for special assignment or reassignment under D.C.COLO.LCivR 40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B)."

12. Fourth, the purpose of Plaintiff's frequent case filing is presumably for raising attention and awareness to websites potentially non-compliant with disability laws, rather than her desire to engage in costly litigation and attempts to simply leverage a quick monetary settlement. (*See*, e.g., www.buffalonews.com/news/local/woman-alleges-disability-bias-in-47-lawsuits-against-wny-hotels/article_45e79402-b7de-11ea-a758-cbaffaa9c4bb.html.) If this is true, it makes little sense for the Parties to engage in costly litigation at any point, but especially at this time while the Appellate Court(s) determine if Plaintiff met her threshold burden to sue. *See*, e.g., *String Cheese Incident*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [Defendants] to undue

---

*Laufer v. Galtesvar OM, LLC*., 2020 U.S. Dist. LEXIS 239829, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020); Laufer v. Laxmi & Sons, LLC, No. 119CV01501BKSML, 2020 U.S. Dist. LEXIS 79545, 2020 WL 2200207 (N.D.N.Y. May 6, 2020); *Laufer v. Laxmi & Sons, LLC*, No. 1:19-CV-1501, 2020 WL 6940734, at *1 (N.D.N.Y. Nov. 19, 2020).

burden or expense, particularly if the motion to dismiss is later granted.”); and *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (“A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.”) (internal citations omitted).

13. Fifth, Plaintiff alleges, and admitted in several affidavits before courts in this District and nationally, that she will not be traveling to Colorado until “the Covid crisis subsides.” (Dkt. #1, ¶ 12; and, e.g., *Laufer v. Looper*, 20-cv-2475-NYW, Dkt. #21-1.) Because Plaintiff will clearly not be traveling to Colorado anytime soon – especially in light of the ailments she alleges she has thereby making her a “high risk” to travel during the pandemic and the many other states she’s alleged she will be traveling to before heading west to Colorado, her cause of action and request for relief do not require immediate attention via this litigation, and she is therefore not prejudiced by staying this matter pending the Laufer Appeal.

14. Finally, Defendant relies on Plaintiff’s prior motions to stay her other cases before the Court pending the Laufer Appeal for the reasons contained therein, including *Laufer v. Josand Enterprises LLC*, 20-cv-3193-NRN, and *Laufer v. Table Mountain Inn, Inc.*, 20-cv-2224-NRN. It would be insincere, contradictory, and potentially frivolous and vexatious for Plaintiff to now argue her matter(s) should not be stayed pending the Laufer Appeal.

15. Therefore, Defendants respectfully request the Court stay all proceedings herein until the Tenth Circuit Court of Appeals resolves Plaintiff’s standing issue via the Laufer Appeal because:

    a. of the same reasons presented by Plaintiff in her prior cases before the Court seeking the same relief;

b.   there is a reasonable probability Plaintiff lacks standing;

c.   the Tenth Circuit Court of Appeals' determination regarding Plaintiff's standing will affect at least two other cases before the Court and over thirty others in this District;

d.   the Court's determination regarding Related Cases under Local Rule 3.2 may cause special assignment or reassignment of this matter and Plaintiff's other cases;

e.   the Parties should avoid costly litigation while awaiting a ruling which may dismiss the case in its entirety; and

f.   time is not of the essence because Plaintiff by her own admission will not require lodging in Colorado until after the nation's pandemic is over; and previously moved the Court to stay her nearly-identical cases.

16.   For these reasons, Defendant requests the Court stay all proceedings herein until the Laufer Appeal is resolved by the Tenth Circuit Court of Appeals.

17.   This Motion is not for any improper purpose and will not prejudice any party.

Respectfully submitted on March 3, 2021.

THE WORKPLACE COUNSEL

*/s/ Stephen B. Rotter*
Stephen B. Rotter
1401 Lawrence Avenue, Suite 1600
Denver, Colorado 80202
303.625.6400
stephen@theworkplacecounsel.com

**CERTIFICATE OF SERVICE**

I certify I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this matter.

*s/ Stephen B. Rotter*
Stephen B. Rotter
