IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03723-PAB-NRN

DEBORAH LAUFER, an individual,

Plaintiff,

v.

FSMK LLC,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge N. Reid Neureiter

      For the reasons provided below and set forth on the record at the March 11, 2021 Status Conference (*see* Dkt. #20), it is hereby ORDERED that Defendant's Motion to Strike Plaintiff's Notice of Pendency and to Show Cause (Dkt. #14) is GRANTED IN PART and DENIED IN PART as follows. The motion is GRANTED to the extent that it requests to strike Plaintiff's "Notice of Pendency" (Dkt. #2). First, Plaintiff's Notice of Pendency is stricken because it does not inform anyone of any related cases. Instead, it appears to preemptively assert that there are *no* related cases. *See* Dkt. #2 ("I hereby certify that the instant action is not related to any pending or closed civil or criminal action previously filed in this Court, or any other Federal or State Court, or administrative agency."). There is nothing in the federal or local rules that requires (or allows) a party to file a notice certifying that there are *no* related cases. This was a nonsense filing. Our local rule only requires a Plaintiff to inform the Court when there *are* related cases. *See* D.C.COLO.LCivR 3.2(a).

      But the notice is also stricken because it is at the very least misleading, if not outright false. Plaintiff has filed at least forty-five other cases in this District. The other cases are "cookie cutter" cases alleging identical facts and only changing the names of the defendant. These cases are all disability rights cases against hotels and motels alleging that the defendant hotels and motels failed to make disabled room availability apparent on websites used for making reservations. Plaintiff alleges she did the exact same thing with respect to each defendant hotel or motel—checked their on-line reservation systems for appropriate disabled room availability. Her allegations of intending to visit Colorado and stay in these locations are identical from one case to the next. Many of the legal issues are identical, including the issues of standing and subject matter jurisdiction. Plaintiff in fact concedes that fact and legal issues relating to standing are identical in all cases, as demonstrated by her willingness to stay this case (and other cases) pending determination of an appeal of one of her cases to the Tenth

Circuit. The Tenth Circuit's decision on standing and jurisdiction will be dispositive of this issue in this case—and likely all other cases.

Under the definition of "related case" under our local rules, these cases are indisputably "related." *See* D.C.COLO.LCivR 3.2 (b) (defining "Related Cases" to be "cases that have common facts and claims and (1) have at least one party in common; or (2) are filed serially or collectively as a group by the same attorney or law firm.").

Plaintiff's misleading "notice" should not be allowed to stand, either in this case, or in the other cases currently pending before this Court. Therefore, on or before March 19, 2021, Plaintiff shall refile a notice both in this case and in the other Laufer cases currently pending in this Court that complies with the requirements of D.C.COLO.LCivR 3.2(a). This is important for two reasons. First, my fellow judges should be made aware of the pendency of these numerous, near-identical cases. And second, some of the hotel and motel defendants in this case are located in remote, rural areas of Colorado. Those defendants may be hiring a general practitioner counsel without knowledge of the other cases currently pending. To suggest, falsely, that the forty-sixth Laufer case is a one-off and unrelated other cases where briefs have been filed, and motions to dismiss decided in this Court, is misleading to the adversary counsel.

Defendant's motion is DENIED to the extent that it requests the issuance of a show cause order and sanctions under Rule 11.

It is further ORDERED that Plaintiff's own request for Rule 11 sanctions, contained in her reply (*see* Dkt. #19 at 6–7), is DENIED. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

It is further ORDERED that Defendant's Motion to Stay Proceedings Pending Appeal (Dkt. #15), which is unopposed (*see* Dkt. #16), is GRANTED finding the elements set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. Mar. 30, 2006), have been met. Accordingly, this case is STAYED pending final resolution by the Tenth Circuit Court in the appeal of *Laufer v. Looper*, et al., Case No. 21-1031. It is further ORDERED that the parties shall file a Status Report no later than five days after the Tenth Circuit has issued a decision in that matter.

Date: March 11, 2021